Dear Rep. Geymann:
You have requested the opinion of this office concerning the obligations of a licensed funeral home with regard to human cadaver refrigeration equipment and disclosures, specifically:
(1) whether a licensed funeral home is required to have human cadaver refrigeration equipment in order to operate and maintain its license; and
(2) whether it is fraudulent under La.R.S. 37:831 for a licensed funeral director to withhold information regarding the legal option of refrigeration of a cadaver and to require embalming after thirty hours has elapsed from the time of death.
For the reasons that follow, this office is of the opinion that, under current laws and regulations, a funeral home is not required to have human cadaver refrigeration equipment in order to obtain, renew, or maintain its license, or to operate as a licensed funeral home. Furthermore, this office is of the opinion that the particular facts of each situation would be determinative of a finding of fraud under La.R.S. 37:831, and we are unable to render an opinion on the facts presented.
Louisiana Revised Statutes 37:842(D) sets forth the requirements that a funeral home must meet in order to secure a license to operate from the Louisiana State Board of Embalmers and Funeral Directors ("Board"). Subparagraph (D)(3) of Section 842 says that the funeral home must maintain those physical facilities that are required by the Board and provides: *Page 2 
An establishment shall be qualified to be licensed to operate as such if:
. . . .
(3) It is found, after proper investigation, to meet the requirements established by [the Louisiana State Board of Embalmers and Funeral Directors] with respect to licensed personnel, interns, embalming facilities for the sanitation, disinfection, and preparation of a human body, adequate buildings, display rooms, furnishings, or equipment and other necessary facilities to adequately serve the public.
La.R.S. 37:842(D)(3). The particular equipment required is found in the regulations promulgated by the Board, as set forth in the Administrative Code, Title 46, Section 1107.[1] These requirements do not include human cadaver refrigeration equipment. Furthermore, this office is not aware of any federal or local requirements for human cadaver refrigeration equipment. We are therefore of the opinion that a funeral home is not required to have human cadaver refrigeration equipment in order to obtain, renew, or maintain its license, or to operate as a licensed funeral home.
The second question is whether it is fraudulent under La.R.S. 37:831 for a licensed funeral director to withhold information regarding the legal option of refrigeration of a cadaver and to require embalming after thirty hours has elapsed from the time of death.[2] We begin our analysis by looking at the definition of "fraud" set forth in La.R.S. La.R.S. 37:831: *Page 3 
"Fraud" means the intentional distortion of the truth by a funeral director, or embalmer, or both, in order to induce another to part with something of value or to surrender a legal right.
La.R.S. 37:831(35). Whether the actions described rise to the level of fraud as defined in the funeral directing statute depends on the circumstances surrounding the funeral director's withholding of information. Specifically, the issue turns on whether the funeral director intentionally distorted the truth by withholding the information regarding an option available to the consumer or by requiring embalming, and also whether the funeral director did so with an intent "to induce another to part with something of value or to surrender a legal right." La.R.S. 37:831(35). Such a determination turns on the particular facts of each case.
Furthermore, we note that one of the parties to the dispute giving rise to your request intends to file a formal complaint with the Board. The Board will make a finding with the benefit of a hearing in which both parties will have an opportunity to present evidence. It would be inappropriate for this office to issue an opinion that could be construed as a preliminary finding in the pending dispute. For these reasons, we are unable to render an opinion directed to your second inquiry.
We trust that this opinion adequately responds to your request, and thank you for the opportunity to be of service. If you have any questions or comments, please do not hesitate to contact our office.
Sincerely yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ Charles W. Belsom, Jr. Assistant Attorney General
JDC:CWB:lrs *Page 4 
 APPENDIX "A" § 1107. Inspection
A. Each funeral establishment shall be subject to inspection and shall comply with the following requirements.
1. Each establishment must have suitable and dignified quarters devoted to such activities incident or related to the care, the preparation, and arrangement for the burial, cremation, or other disposition of dead human bodies from which a funeral may be conducted.
2. It shall be the duty of the board or anyone designated by the board to inspect the establishment wherein licensed embalmers or funeral directors are practicing or propose to practice, to determine if proper and adequate facilities are provided.
B. Each establishment must meet all federal, state, and local requirements and must consist of and be inspected for an adequate facility containing:
1. display area for displaying funeral merchandise which shall consist of but not be limited to a minimum of six adult caskets of a variety of styles and quality;
2. an embalming room properly equipped and meeting all federal, state, and local regulations and shall meet the following requirements:
a. floors of tile, cement, linoleum, or like composition, finished with a glazed surface;
b. walls shall be finished with tile, or other material finished with enamel or other waterproof material;
c. a sanitary embalming table of metal, glass, or porcelain top, with running water draining from the table into a drain connected with a sewer or other proper receptacle;
d. hot and cold running water and a separate sink for disinfecting hands and instruments;
e. a permanently installed backflow preventor [sic] for the hydro-aspirator;
f. suitable sanitary plumbing which shall comply with the requirements of the Department of Health and Hospitals and Environmental Quality;
g. only equipment and supplies necessary for the preparation or care of dead human bodies for disposal or transportation are to be kept in the preparation room. At no time shall it be used as a store room; *Page 5 
h. the room shall be properly ventilated and climate controlled and comply with federal, state and local laws or ordinances, and/or regulations. It shall be so designed that no deleterious odors be permitted to enter into any other part of the establishment or adjoining premises;
i. the embalming or preparation room shall be strictly private and no one shall be allowed therein while the body is being embalmed except the licensed embalmers and other authorized persons and officials in the discharge of their duties;
j. there shall not be any direct connection between the preparation or embalming room with the living quarters of a funeral establishment or rooms where food is customarily prepared and served. Its doors shall be closed and locked, unless in an area secure from public access, at all times and all of its operable windows must be screened as a safeguard to the public health;
k. each funeral establishment and each preparation or embalming room shall be maintained in a clean and sanitary condition at all times. All instruments and other appliances used in embalming dead human bodies shall be thoroughly cleansed immediately at the conclusion of each individual case;
l. each funeral establishment must have available in the preparation room or embalming room a register book or log. The name of each body embalmed, place (if other than at establishment), the date and time that the embalming took place, the name and signature of the embalmer and his license number must be noted in said book. This must be available at all times in full view for our inspector;
3. an arrangement office which shall afford privacy to the family while making arrangements;
4. restrooms, separate for men and women;
5. parlors or chapel, to comfortably accommodate at least 30 seated persons;
6. a climate control system sufficient to provide comfort to the public;
7. a private area to shield removal of remains from service vehicle and a covered area when exiting the facility to protect the casketed remains until placed in the hearse;
8. furnishings, equipment, and other facilities that meet the standards of the board; and
9. sufficient signage to be visible from the street.
C. 1. All establishments, except as herein below provided, shall have layout, embalming, display, personnel, and facilities as required by this Chapter for funeral establishments. . . .
[1] The relevant portion of L.A.C. 46:1107 is reproduced in Appendix "A" attached hereto.
[2] The law setting forth the option of refrigeration of a deceased human body, as well as the thirty-hour time limit, is set forth in the following pertinent part of La.R.S. 37:848:
D. (1) Only a licensed embalmer may embalm a dead human body.
(2) If the body is to be held by the funeral establishment longer than thirty hours after the time of death, it shall be embalmed or the body may be refrigerated continuously at a temperature not to exceed forty-five degrees Fahrenheit.
(3) If the body is not embalmed or refrigerated, it shall be buried, cremated, or otherwise disposed of within thirty hours after death or as soon as possible after its release by the proper authorities.
. . . .
(7) Nothing in this Subsection shall be construed to require embalming if specific practices and beliefs of religious groups prohibit it.
La.R.S. 37:848(D).